## JOHN CONNER vs. JOHN & ELIZA HOLLAND.

*Husband and Wife—Rule of Evidence.*—The grounds of the exclusion of the testi-
mony of the husband and wife, as witnesses for or against each other as announced
in case of Gee vs. Scott, 48 Tex., 510, is not alone that of interest in the subject
matter of litigation, but that public policy required its exclusion. The rule is dif-
ferent—since the adoption of the Revised Statutes. See this case for facts and
circumstances, held to support the judgment of the court below, against the plea
of payment against the positive testimony of the defendant.

Appeal from Travis County. Opinion by Watts, J.

This case was decided by the Supreme Court in 1877. The judg-
ment was then reversed because the court below excluded the evi-
dence of the wife of appellant, offered in his behalf. At the same
term a rehearing was granted, and the case is now before the court
for disposition.

In the case of Gee vs. Scott, 48 Tex., 510, it was held that the
statute then in force, removing the disabilities of parties as wit-
nesses, did not render the husband and wife competent as witnesses
for or against each other. The grounds for the exclusion of such
evidence is not alone that of interest in the subject matter of the
litigation, but that public policy required its exclusion.

Since that time the rule has been considered as settled under the
statute then in force, and the rule then announced has been followed
in subsequent cases.

We conclude that there was no error in excluding the evidence of
the wife of appellant offered in his behalf.

Of course, since the adoption of the revised statutes the rule is
otherwise.

Appellant claims that the verdict of the jury is against the evi-

dence. In support of that assertion it is urged that the evidence as to the payment of the notes by appellant in 1862 is so conclusive as to authorize this court in holding that the judgment is clearly wrong. This assumption is predicated upon the hypothesis that there is no evidence tending to repel that adduced by appellant, as to his having paid the notes sued on to Bird Holland prior to his death. These notes were in the possession of Holland for more than two years after it is claimed that they had been paid. At his death they went into the possession of his executors and from thence to the appellees.

The production of the notes and their introduction in evidence by the appellees, *prima facie*, established appellant's liability, and the burden was upon him to establish to the satisfaction of the jury the truth of his plea of payment. From this it will be seen that the production of the notes by appellees entitled them to a verdict, unless appellant established his defense of payment to the satisfaction of the jury by such evidence as they might deem credible and worthy of belief.

While appellant testifies positively to the payment as plead, and produces the evidence of other witnesses tending to the same conclusion, there are circumstances developed by the evidence that are not altogether in harmony with the truth of that defense. It is claimed that the payment was made in the Spring of 1862, and was evidenced by a deed from Holland, then executed and delivered to appellant, and that a very short time thereafter, and before the deed could be proved up and recorded, it is claimed that this deed among other papers was stolen from appellant and that he never thereafter recovered possession of it. Now, notwithstanding Holland lived for two years after that time, no effort appears to have been made to secure from him another deed or other writing evidencing the fact that these notes had been paid, and that the property had been reconveyed to him by Holland. Besides, no effort seems to have ever been made by him to substitute the deed after the death of Holland, notwithstanding the latter during his life, and his executors and legatees since his death have held the notes, and exercised such rights of ownership as were totally inconsistent with appellant's claim of right to the land or possession of the notes.

Again, his declaration to the executor that he intended to sue to recover the land because the notes were usurious, does not harmon-

ize with the subsequent assertion, that he had long before paid the notes and secured a conveyance of the land.     *

Considering these in connection with other circumstances disclosed by the record, this court would not be authorized to say that the evidence so greatly preponderates against the verdict and judgment that they appear to be clearly wrong.

As to the objection to the introduction of the notes sued on in evidence, it is a sufficient answer that the executors were acting under an independent will, and as such assigned or transferred the notes to appellees. This assignment vested in the appellees the legal title to the notes and authorized suit thereon in their names. Besides, appellant was not thereby deprived of making any valid defense he might have against the notes, and which he could have asserted had they remained in the hands of the executors.

We conclude and so report that the judgment ought to be affirmed.

Adopted.